IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL RAELIAN MOVEMENT (IRM), a Foreign Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ABDULLAH HASHEM, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-08-0687 FCD DAD PS<br><br>ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

    Plaintiff IRM commenced this action on April 1, 2008, by filing a complaint against five defendants: individuals Abdullah Hashem and Joseph McGowen, and media companies Dragonslayer Productions, Hashems Films, and Muslim United TV. On May 28, 2008, plaintiff requested entry of default as to defendants McGowen, Dragonslayer Productions, Hashems Films, and Muslim United TV. On June 4, 2008, defendant Joseph McGowen filed a pro se response to plaintiff's complaint. The Clerk of the Court declined to enter the default of any defendant.

    Upon defendant McGowen's appearance <u>in propria persona</u>, United States District Judge Frank C. Damrell, Jr. vacated his initial scheduling order and referred this matter to the undersigned for all purposes encompassed by Local Rule 72-302(c)(21).

Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for **Friday September 26, 2008, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd.

2. All parties are required to appear at the Status (Pretrial Scheduling) Conference by counsel or, if acting without counsel, in propria persona. Any party may appear at the conference telephonically. To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than three days before the Status (Pretrial Scheduling) Conference.

3. Plaintiff shall file and serve a status report on or before **September 12, 2008,** and defendant McGowen shall file and serve a status report on or before **September 19, 2008**. Each party's status report shall address all of the following matters:

    a. Progress of service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g. Future proceedings, including the setting of appropriate cut-off dates for discovery and law and motion, and the scheduling of a final pretrial conference and trial;

    h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i. Whether the case is related to any other case, including matters in bankruptcy;

/////

    j. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualifications by virtue of his so acting, or whether they prefer to have a Settlement Conference before another judge;

    k. Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

    l. Any other matters that may aid in the just and expeditious disposition of this action.

  4.  Rule 4(m) of the Federal Rules of Civil Procedure provides that an action must be dismissed without prejudice as to any defendant on whom service of process was not effected within 120 days after the complaint was filed.  If plaintiff has not complied with the 120-day time limit as to any defendants, the unserved defendants are subject to dismissal.

DATED: August 11, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\intlraelianmovement0687.ossc

3