1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11   INTERNATIONAL RAELIAN
     MOVEMENT, a Foreign
12   Corporation,
                                    NO. CIV. S-08-687 FCD/DAD
13             Plaintiff,

14        v.                        MEMORANDUM AND ORDER

15   ABDULLAH HASHEM, JOSEPH
     MCGOWEN, DRAGONSLAYER
16   PRODUCTIONS, HASHEM(S) FILMS,
     MUSLIMS UNITED TV and DOES I-
17   XX,

18             Defendants.
                                    ----oo0oo----
19

20        This matter is before the court on a motion permitting

21   alternative service of process under Federal Rule of Civil

22   Procedure 4(f)(3) ("FRCP 4(f)(3)"), or alternatively seeking a

23   *nunc pro tunc* order, validating the service of process on

24   defendant Abdullah Hashem ("defendant" or "Hashem") and his

25   alleged business Hashem(s) Films (sometimes collectively,

26   "defendants") pursuant to FRCP 4(f)(3), filed by plaintiff

27   International Raelian Movement ("plaintiff" or "IRM").  By this

28   motion, plaintiff asks the court to order, *nunc pro tunc*, that

                                 1

1  defendants have been served, or if the court finds any

2  deficiencies with the service, that it permit plaintiff to

3  correct those deficiencies, or issue any other appropriate order

4  permitting plaintiff to serve defendants by alternative means.

5      For the reasons set forth below, plaintiff's motion is

6  DENIED in part and GRANTED in part.  According to its plain

7  language, service under FRCP 4(f)(3) must be (1) directed by the

8  court, and (2) not prohibited by international agreement.

9  Because the court may not retroactively validate alternative

10  means of service, plaintiff's motion for an order allowing

11  alternative service of process under FRCP 4(f)(3) *nunc pro tunc*

12  must be DENIED.  Nevertheless, the court GRANTS plaintiff's

13  motion for an order allowing alternative service of process under

14  FRCP 4(f)(3) and gives plaintiff a sixty day extension to serve

15  defendant Hashem and his alleged business Hashem(s) Films.[1]

### BACKGROUND[2]

17      This action concerns an alleged scheme of racketeering,

18  fraud, blackmail, and extortion perpetrated against IRM and

19  others by defendants Hashem and Joseph McGowen[3] using three false

20

21      [1]   Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
22  E.D. Cal. L.R. 78-230(h).

23      [2]   Because no opposition to plaintiff's motion has been
submitted, the court draws the facts from the complaint and
24  plaintiff's motion to permit alternative service.

25      [3]   Service was made upon Joseph McGowen on or about April
4, 2008, according to the declaration of plaintiff's attorney
26  Thomas Easton, which was subsequently confirmed by Magistrate
Judge Drozd.  (Sched. Order, filed March 23, 2009 [Docket # 25],
27  2.)  McGowen, representing himself, submitted a declaration to
the court in response to the documents sent by Easton.  (Decl.,
28  filed June 4, 2008 [Docket # 7].)

1  front media companies, Dragonslayer Productions, Hashem(s) Films,

2  and Muslims United TV, to obtain property through fraud,

3  disparagement, threats, extortion, blackmail, damage, and

4  conversion of property of plaintiff, and to file false

5  allegations of criminality against plaintiff for profit.  (Compl.

6  at 1-2.)  Plaintiff contends that defendants posed as a

7  legitimate media partnership, obtained film footage of

8  plaintiff's operations and members, and used this footage to

9  blackmail plaintiff with threats of violence, disparagement,

10 allegations of criminality, and impugn plaintiff's reputation.

11 (Id. at 2.)  Plaintiff contends that as a result of defendants'

12 actions plaintiff suffered direct damages to its operations in

13 excess of $75,000, including adverse publicity and damage to its

14 reputation, legal fees, conversion of its property, and

15 unauthorized use of its officers' and members' likenesses.  (Id.)

16 Plaintiff seeks replevin of film footage in defendants'

17 possession.

18     In a pretrial scheduling order, Magistrate Judge Drozd left

19 the question open as to whether service of process had been

20 effected on defendants Hashem and Hashem(s) Films.  (Pl.'s Mot.

21 for Alt. Serv. ["PMAS"] at 2.)[4]  Plaintiff submits the following

22 as evidence that proper service has been accomplished upon

23 defendants:

24

25

26 [4]    In his Order, Judge Drozd specifically stated: "Counsel
for plaintiff reports that defendant Abdullah Hashem has been
properly served.  The court expresses no opinion on whether such
27 service has been properly completed.  If necessary, that issue
will be the subject of further proceedings at the appropriate
28 time."  (Sched. Order, filed March 23, 2009 [Docket # 25], at 2.)

1    (1) The November 5, 2008 Affidavit by Laila Saleh of TCM

2 Egypt, which states: "Abdullah Hashem was traced to American

3 University in Cairo (AUC).  Hashem's status as a student was

4 initially confirmed by AUC.  We learned from AUC on November 3,

5 2008, that Abdullah Hashem was no longer a student there.  AUC

6 provided a forwarding phone number for Hashem in the United

7 States."  (Id.)

8    (2) The November 6, 2008 Affidavit of Due Diligence by

9 process server Donn Altmann of Hy Tech Response Inc., stating

10 that Altmann checked Hashem's whereabouts with known Hashem

11 associates McGowen and Danielson, Hashem's former landlord in

12 Indiana, at Hashem's parents' former address, made extensive

13 database searches and unsuccessfully attempted to serve Hashem at

14 his last known address in Indiana.  (Id.)

15    (3) The February 2009 Affidavit by Laila Saleh of TCM Egypt,

16 which states: "We learned on January 12, 2009 that Hashem had

17 returned to American University Cairo, and has presented his

18 student identification card #900/08/9603 and retrieved the

19 package containing the summons, complaint, and other documents

20 from the University mailroom.  In my professional opinion, Mr.

21 Hashem now has notice of the US legal proceedings against him in

22 a manner consistent with local custom and procedure."  (Id.)

23    (4) The February 25, 2009 declaration by process server Donn

24 Altmann of Hy Tech Response Inc., which states that email

25 messages with the court documents[5] attached were sent to and

26  

27      [5]  According to the declaration of process server Donn
Altmann, these papers consisted of: the Notice of Commencement of
Action, Cover Sheet, Complaint, and Complaint Exhibits attached

28 as PDF Files.  (Dec. Of Serv., filed March 2, 2009 [Docket # 26],

4

1 received by Hashem's personal email account and Hashem's email

2 account at www.hashemsfilms.com.  (Id. at 3.)  Additionally, four

3 identical email messages were successfully sent to all

4 administrative email addresses associated with the domain

5 www.hashemsfilms.com.  (Id.)  On November 10, 2008, first class

6 mail copies of the court documents were mailed to Hashem's

7 official mail forwarding address with the U.S. Postal Service.

8 (Id.)  On January 16, 2009 the same information was published in

9 the *Court & Commercial Record* newspaper of Indianapolis, Indiana.

10 (Id.)  Service by certified mail was had upon the domain

11 www.hashemsfilms.com on January 20, 2009 via its domain server's

12 address and on its web host server on February 19, 2009.  (Id.)

13 Altmann further stated that a full copy of the complaint was

14 visible on the www.hashemsfilms.com website in April-May 2008.

15 (Id.)

### ANALYSIS

17    Plaintiff moves for a court order establishing (1) defendant

18 Hashem has been served, (2) defendant entity Hashem(s) Films,

19 www.hashemsfilms.com, has been served, (3) that if any further

20 remedy is required to effect service, the court permit plaintiff

21 to correct such deficiencies via a *nunc pro tunc* order under FRCP

22 4(f)(3), or (4) the court issue any other appropriate order

23 permitting alternative service on Hashem and Hashem(s) Films.

24

25

26

27
_____

28 at 1-2.)

5

1    **A.    <u>Alternative Service of Process</u>**

2         **1.    Applicability of FRCP 4(f)(3)[6]**

3    Because plaintiff's motion for alternative service depends

4    on the applicability of FRCP 4(f)(3), the court addresses this

5    issue first.

6         FRCP 4(f)(3) reads, in pertinent part:

7         (f) Serving an Individual in a Foreign Country. Unless
          federal law provides otherwise, an individual–other

8         than a minor, an incompetent person, or a person whose
          waiver has been filed–may be served at a place not

9         within any judicial district of the Untied States:
          . . . .

10        (3) by other means not prohibited by international
          agreement, as the court orders.

11   Fed. R. Civ. P. 4(f)(3).

12        According to its plain language, service under FRCP 4(f)(3)

13   must be (1) directed by the court, and (2) not prohibited by

14   international agreement.   <u>Rio Props., Inc. v. Rio Int'l</u>

15   <u>Interlink</u>, 284 F.3d 1007, 1014 (9th Cir. 2002).   "No other

16   limitations are evident from the text."   <u>Id.</u>   Court-directed

17   service under FRCP 4(f)(3) is as favored as service available

18   under FRCP 4(f)(1)[7] or FRCP 4(f)(2).[8]   <u>Id.</u> at 1015.   No language

19   _____

20        [6]    The court declines to address plaintiff's argument that
     service has been made upon Hashem and Hashem(s) Films pursuant to

21   FRCP 4(f)(2), which is only applicable if there is "*no*
     internationally agreed means of service."   Fed. R. Civ. P.

22   4(f)(2) (emphasis added).   The fact that the Hague Convention is
     inapplicable to the present case because Hashem's address is

23   unknown does not mean there is "no internationally agreed means
     of service;" rather, plaintiff can instead seek service under

24   FRCP 4(f)(3).   <u>See</u> <u>BP Prods. N. Am., Inc. v. Dagra</u>, No. CIV.A.
     3:04CV445, 232 F.R.D. 263 (E.D. Va. Nov. 8, 2005) (finding that

25   if the address of the foreign party to be served is unknown, the
     Hague Convention does not apply and thus a plaintiff may seek

26   service under FRCP 4(f)(3)).

27        [7]    FRCP 4(f)(1) states: "(1) by any internationally agreed
     means of service that is reasonably calculated to give notice,

28   such as those authorized by the Hague Convention on the Service

6

1 | in FRCP 4(f)(1) or 4(f)(2) indicates their primacy, and FRCP

2 | 4(f)(3) includes no qualifiers or limitations which indicate its

3 | availability only after attempting service of process by other

4 | means.  Id.  Thus, FRCP 4(f)(3) is merely one means among several

5 | which enables service of process on an international defendant.

6 | Id.  "[T]rial courts have authorized a wide variety of

7 | alternative methods of service including publication, ordinary

8 | mail, mail to the defendant's last known address, delivery to the

9 | defendant's attorney, telex, and most recently, email."  Id. at

10 | 1016.  However, in effectuating service of process under FRCP

11 | 4(f)(3), a plaintiff is required to obtain *prior* court approval

12 | for the alternative method of service.  Brockmeyer v. May, 383

13 | F.3d 798, 806 (9th Cir. 2004); see also Jenkins v. Pooke, No. C

14 | 07-03112, 2009 WL 412987, slip op. at 4 (N.D. Cal. Feb. 17, 2009)

15 | (stating that under the plain language of FRCP 4(f)(3), a

16 | plaintiff must obtain a court order to effectuate service in the

17 | desired fashion).[9]

18 |

19 | Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P.
4(f)(1).

20 | [8]      FRCP 4(f)(2) states: "(2) if there is no
internationally agreed means, or if an international agreement
21 | allows but does not specify other means, by a method that is
reasonably calculated to give notice: (A) as prescribed by the
22 | foreign country's law for service in that country in an action in
its courts of general jurisdiction; (B) as the foreign authority
23 | directs in response to a letter rogatory or letter of request; or
(C) unless prohibited by the foreign country's law, by: (i)
24 | delivering a copy of the summons and of the complaint to the
individual personally; or (ii) using any form of mail that the
25 | clerk addresses and sends to the individual and that requires a
signed receipt."  Fed. R. Civ. P. 4(f)(2).

26 |

27 | [9]      The court notes that other districts have found that
the court may issue an order pursuant to FRCP 4(f)(3) *nunc pro*
28 | *tunc*, thereby retroactively approving alternative means of
service.  Marks v. Alfa Group, No. 08-5651, 2009 WL 1312599 (E.D.

7

1    In Brockmeyer, the Ninth Circuit held that because the

2    plaintiffs did not seek prior approval of the district court for

3    alternative service under FRCP 4(f)(3), their attempted service

4    was therefore ineffective.  Brockmeyer, 383 F.3d at 808-09.  The

5    court held:  "[c]ourts have authorized a variety of alternative

6    methods of service abroad under current Rule 4(f)(3) . . . .

7    [h]owever, in Rio (and in all the cases it cites as applying Rule

8    4(f)(3)), plaintiffs are required to take a step that the

9    plaintiffs in this case failed to take: They must obtain prior

10   court approval for the alternative method of serving process."

11   Id. at 806.  Accordingly, the Ninth Circuit found FRCP 4(f)(3)

12   inapplicable and refused to retroactively approve the plaintiffs'

13   alternative means of service.  Id.

14    In this case, plaintiff attempted to serve Hashem and

15   Hashem(s) Films both by conventional means in the United States

16   and by alternative methods in the United States and abroad.

17   Plaintiff employed TCM Egypt to locate and serve Hashem in Egypt,

18   which found Hashem's previous location to be the American

19   University in Cairo, to which he later returned and presumably

20   received the court papers left with the University.  Plaintiff

21   also employed process server Donn Altmann to locate and serve

22   Hashem in the United States; Altmann checked Hashem's whereabouts

23   with his known associates, former landlord, parents' former

24   address, various databases, and last known address.  Altmann

25

26   Pa. May 11, 2009); Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper
     Co., Ltd., No. 03-8554, 2005 WL 1123755 at *4 (S.D.N.Y. May 11,
27   2005).   Nevertheless, this court is bound by Ninth Circuit
     precedent that explicitly requires prior court approval before
28   utilizing such alternative means.

1  further sent electronic copies of the court papers to various

2  email addresses associated with Hashem and his business domain

3  name, as well as sent hard copies of the court papers to the

4  physical address associated with Hashem's domain name.  Altmann

5  also states that a full copy of the complaint was visible on the

6  www.hashemsfilms.com website in April-May 2008.  However,

7  plaintiff did not follow proper protocol under FRCP 4(f)(3) by

8  obtaining a *prior* court order for its alternative methods of

9  service.  Under controlling Ninth Circuit authority, this court

10 cannot retroactively approve of these methods *nunc pro tunc*.  See

11 Brockmeyer, 383 F.3d at 806.

12      Because plaintiff did not follow the procedure described in

13 FRCP 4(f)(3) by seeking the approval of the court before

14 utilizing alternative means of service, the attempted service on

15 Hashem and Hashem(s) Films was therefore ineffective, and

16 plaintiff's motion for a *nunc pro tunc* order approving of these

17 methods is DENIED.

18            **2.    Reasonableness of Plaintiff's Methods of Service**

19      Although plaintiff may not retroactively seek court approval

20 of its alternative methods to effect service upon defendants, the

21 court nevertheless considers the reasonableness of the methods

22 used by plaintiff in considering plaintiff's alternative motion

23 for a court order allowing alternative service of process under

24 FRCP 4(f)(3).[10]

25 _____

26      [10]    The court recognizes that the effect of granting this
   motion will be to require plaintiff to undertake the redundant
   act of re-serving defendants in the same manner already
27 undertaken.  Nevertheless, such is the consequence of failing to
   heed the plain language of FRCP 4(f)(3) and controlling Ninth
28 Circuit authority, requiring *prior* court approval of alternative

1        Even if facially permitted by FRCP 4(f)(3), "a method of
2   service of process must also comport with constitutional notions
3   of due process."  Rio, 284 F.3d at 1016.  "To meet this
4   requirement, the method of service crafted by the district court
5   must be 'reasonably calculated, under all the circumstances, to
6   apprise interested parties of the pendency of the action and
7   afford them an opportunity to present their objections.'"  Id.
8   "[T]he Constitution does not require any particular means of
9   service of process, only that the method selected be reasonably
10  calculated to provide notice and an opportunity to respond."  Id.
11  at 1017.

12       In Rio, the Ninth Circuit approved of the plaintiff's
13  alternative service via email in light of the variety of
14  conventional means by which the plaintiff had previously
15  attempted to serve defendant.  Rio, 284 F.3d at 1016.  In that
16  case, the plaintiff had first attempted to serve the defendant in
17  the United States via the address used to register the
18  defendant's domain name and through the defendant's lawyer.  Id.
19  When that failed, the plaintiff made a diligent search for the
20  defendant in the defendant's native country.  Id.  After these
21  efforts likewise failed, the Ninth Circuit approved of email
22  service because it appeared that email was the only method of
23  contacting the defendant, and because the court concluded that
24  email was reasonably calculated to apprise the defendant of the
25  pending suit in comport with due process.  Id. at 1017.

26

27  _____

28  methods of service.

1    In this case, plaintiff likewise attempted to serve Hashem

2  and his alleged business Hashem(s) Films through a variety of

3  conventional methods in addition to email service to Hashem's

4  various personal and business email accounts.  In conjunction

5  with the service apparently made on Hashem at the American

6  University in Cairo by TCM Egypt on January 12, 2009, plaintiff

7  utilized the services of Donn Altmann, who inquired as to

8  Hashem's whereabouts with defendant's associates, former

9  landlord, through various database searches, and at his last

10  known address.  As none of these methods were successful, Altmann

11  attempted to serve Hashem and Hashem(s) Films by emails sent to

12  Hashem's personal email address, his business email address, and

13  to four administrative email addresses also associated with

14  www.hashemsfilms.com.  Altmann also observed the entire complaint

15  posted on www.hashemsfilms.com for at least 30 days between April

16  and May 2008.  Sometime after November 10, 2008, physical copies

17  of the court papers were sent via the U.S. Postal Service to

18  Hashem's forwarding address listed with the U.S. Postal Service.

19  Physical copies of the court papers were also mailed to the

20  physical addresses associated with the domain

21  www.hashemsfilms.com and the hosting servers in January and

22  February of 2009, respectively.  Furthermore, a copy of the court

23  papers was published in the *Court & Commercial Record* located in

24  Indianapolis, Indiana on January 16, 23, and 30 of 2009.  As in

25  Rio, plaintiff utilized a wide variety of means in its attempt to

26  locate and serve Hashem and Hashem(s) Films within the United

27  States and Egypt, of which the attempts to mail the court papers

28  electronically by email and physically through the U.S. Postal

11

1 Service were apparently successful.  Thus, in light of

2 plaintiff's concerted effort to locate and serve defendant, the

3 court finds that the alternative methods of service undertaken by

4 plaintiff were reasonably calculated to apprise defendants with

5 notice of the pendent action.

6      Accordingly, the court approves of plaintiff's alternative

7 methods of service under FRCP 4(f)(3) and finds that any of these

8 means will be sufficient in plaintiff's efforts to re-serve

9 Hashem and Hashem(s) Films.

10     **B.    Extension of Service of Process**

11     The court grants plaintiff sixty days to effectuate service

12 on Hashem and Hashem(s) Films through any of the aforementioned

13 means.

14                         **CONCLUSION**

15     For the foregoing reasons, plaintiff's motion for

16 alternative service pursuant to FRCP 4(f)(3) is DENIED in part

17 and GRANTED in part.

18 IT IS SO ORDERED.

19 DATED: July 15, 2009

20                              _____

21                              FRANK C. DAMRELL, JR.
                               UNITED STATES DISTRICT COURT

22

23

24

25

26

27

28